UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WARREN LESTER, ET AL. | CIVIL ACTION |
| VERSUS | NUMBER 06-9158 |
| EXXON MOBIL CORPORATION, ET AL. | SECTION "L" (2) |

## ORDER & REASONS

Before the Court is the Plaintiffs' Motion to Remand (Rec. Doc. 14). The Court heard oral argument and took this motion under submission. For the following reasons, the Plaintiffs' motion is now GRANTED IN PART.

### I. BACKGROUND

The Plaintiffs in this case were allegedly exposed to poisonous radiation associated with the cleaning of used oilfield pipe at various pipe yards. Of the approximately six hundred Plaintiffs in this action, over sixty have documented diagnoses of various forms of cancer.

The Plaintiffs filed a cumulated petition on December 20, 2002 in the Civil District Court for the Parish of Orleans, State of Louisiana. Since then, they have filed a number of amended petitions. Of particular relevance here, on September 28, 2006, the Plaintiffs filed a motion for leave to file a Seventh Amending and Supplemental Petition. Had the Plaintiffs' motion for leave been granted by the state court, the Seventh Amending and Supplemental Petition would have added seven new defendants, including Humble Incorporated.

On October 27, 2006, Humble removed this case to federal court, contending that its receipt of the proposed Seventh Amending and Supplemental Petition attached to the Plaintiffs' motion for leave to file "commenced" a new action as to the new defendants not previously named, for purposes of removal under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L.

No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.). Three days later, on October 30, 2006, Humble filed an answer to the Seventh Amending and Supplemental Petition in this Court. At the time of removal, the state court had set a hearing date of December 1, 2006 on the Plaintiffs' motion for leave to file, but had not yet ruled on the motion.

## II.     PRESENT MOTION

The Plaintiffs move to remand this case to state court on three independent grounds. First, the Plaintiffs argue that this case is not a "class action," nor does it meet the statutory definition of a "mass action" in 28 U.S.C. § 1332(d)(11)(A), and thus that CAFA does not apply. Second, the Plaintiffs argue that Humble's removal is defective because it was never joined as a defendant. Third, the Plaintiffs argue that CAFA is an unconstitutional infringement on state's rights. Because the Court finds that Humble's removal was premature, the Plaintiffs' alternative arguments in support of remand will not be addressed at this time.

## III.     LAW & ANALYSIS

In this Circuit, "amendments that add a defendant 'commence' the civil action as to the added party." *Braud v. Transport Serv. Co. of Ill.*, 445 F.3d 801, 804 (5th Cir. 2006). Accordingly, "the addition of a new defendant 'opens a new window of removal' under 1446(b)." *Id.* at 805 (quoting *Knudsen v. Liberty Mut. Ins. Co.*, 411 F.3d 805, 807 (7th Cir. 2005). Section 1446(b) provides that:

> [I]f the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b). The issue presented in this case is whether this "new window" is opened upon receipt of a *proposed* amendment. The Court will look to the applicable state law to

2

determine whether or not a new action has been "commenced" against Humble for purposes of CAFA removal jurisdiction.  *See Braud*, 445 F.3d at 803 & n.3.

Under Louisiana law, a civil action is "commenced by the filing of a pleading presenting the demand to a court of competent jurisdiction."  *See* La. Code Civ. Proc. Ann. art. 421.  Once an answer is served, "the petition . . . may be amended only be leave of court or by written consent of the adverse party."  La. Code Civ. Proc. Ann. art. 1151.  "A party seeking to supplement a pleading must proceed by contradictory motion served on the opposing party by the sheriff.  The moving party may not proceed ex parte."  *Roberts v. Murphy Oil Corp.*, 577 So. 2d 308, 313 (La. Ct. App. 1991); *see Wallace v. Hanover Ins. Co. of N.Y.*, 164 So. 2d 111, 119-20 (La. Ct. App. 1964).  Indeed, "[f]ailure to obtain leave of court when it is required renders the amendment totally without effect and it is deemed not to have been field at all."  *Morgan v. ABC Mfr.*, 93-701 (La. App. 5 Cir. 3/16/94); 637 So. 2d 1076, 1079.[1]

In this case, the Plaintiffs followed this procedure in attempting to file the Seventh Amending and Supplemental petition, as their original petition had already been answered.  However, Humble filed a notice of removal in this Court prior to the resolution of the Plaintiffs' motion for leave to amend.  Therefore, under Louisiana law, at the time of removal, the Seventh Amending and Supplemental Petition had not been "filed ," and thus Humble was not yet a party to this litigation.  To state it a different way, the case had not yet "become removable," at least insofar as Humble was concerned.  *See* 28 U.S.C. § 1446(b); *see also F.D.I.C. v. Loyd*, 955 F.2d 316, 326 (5th Cir. 1992) ("Common sense and the practicalities of pleading dictate that no non-party to a state court proceeding has a mature right to remove that proceeding to federal court.").

---

[1] Louisiana's "relation back" theory, codified in La. Code Civ. Proc. Ann. art. 1153, is not instructive in the instant case.

Accordingly, the Court finds that Humble's removal was premature.[2]

Humble contends that its improper removal is cured by the fact that it answered the Seventh Amending and Supplemental petition, even though the Seventh Amending and Supplemental petition has yet to be filed. The Court can find no authority for this proposition.

## IV.  CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiffs' motion to remand is GRANTED IN PART and that this matter is hereby REMANDED to the Civil District Court for the Parish of Orleans. However, the Plaintiffs' request for sanctions is DENIED.

New Orleans, Louisiana, this   29th   day of   March  , 2007.

_____
UNITED STATES DISTRICT JUDGE

---

[2] This result is dictated by Louisiana law. Thus, Humble's reliance on *Buller Trucking Co., v. Owner Operator Independent*, 461 F. Supp. 3d 768 (S.D. Ill. 2006), is misplaced. There, the court held that under Illinois law, "an amended complaint is deemed filed when it is submitted to the court together with a motion to amend." *Id.* at 777. The cases cited in *Buller* are also inapposite, as none deal with Louisiana law. *See id.* Moreover, in *Schillinger v. Union Pac. R.R. Co.*, 425 F.3d 330, 332 (7th Cir. 2005), the state court had granted leave to amend prior to removal (but after the effective date of CAFA). The Seventh Circuit thus reserved ruling on the issue presented here, but noted that "[t]he date of filing, in the context of an amended pleading, may refer to the date when the court accepts a proposed amendment, not the date when the amendment is proffered." *Schillinger*, 425 F.3d at 335. Lastly, the Court notes that many of the decisions from other jurisdictions addressing this issue deal with the interruption of prescription laws, and that the equities present in those situations are not presented by the facts of the instant case.